**Opinion filed April 14, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00307-CR

_____

## SCOTT IAN IGLESIAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 14-7381**

### M E M O R A N D U M   O P I N I O N

Appellant, Scott Ian Iglesias, pleaded guilty to the second-degree felony offense of aggravated assault. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for seven years. Subsequently, the State filed an application to adjudicate Appellant's guilt. At a hearing on the State's application, the trial court found the State's allegations to be true, revoked Appellant's community supervision, adjudicated him

guilty of the charged offense, and assessed his punishment at confinement for fifteen years and a fine of $1,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Appellant's community supervision officer also testified about various violations by Appellant of the terms and conditions of his community supervision as alleged in

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

the State's application to adjudicate, including Appellant's failure to report and his failure to perform community service. Appellant made no evidentiary objections at the hearing. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

April 14, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.